**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY M. GARCIA,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMAND |
| **CONTINENTAL AUTOBAHN** | ) | |
| **INVESTMENTS LLC., CONTINENTAL NV** | ) | |
| **AUTOS, INC., ERIC MATWAY**, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

NOW COMES the Plaintiff Anthony M. Garcia ("Garcia" or "Plaintiff"), pursuant to 29 U.S.C. §§ 2612-2615, commonly known as the Family Medical Leave Act ("FMLA"), and complains against Defendants, Continental Autobahn Investments, LLC. ("Continental Motors Group"), Continental NV Autos, Inc. ("Continental Audi"), and Eric Matway ("Matway") (collectively, "Defendants"), and in support states:

## NATURE OF THE ACTION

1. This action seeks redress for Defendants' willful violations of the FMLA. Defendants wrongfully terminated Plaintiff's employment because he required FMLA leave from work to address a serious health condition which required surgery and recovery time.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this case pursuant to 29 U.S.C. §§ 2612-2615 (FMLA) and 28 U.S.C. § 1331 (federal question).

5. Venue is properly placed in the Northern District of Illinois, Eastern Division,

through 28 U.S.C. § 1391(b), because a substantial part of the facts, events, or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

### Plaintiff

6. Garcia resides and is domiciled in DuPage County, Illinois, which is in this judicial district.

7. Garcia was employed by Defendant Continental Motors Group as a salesperson from in or about May 2009 to December 6, 2016.

### Defendants

8. Defendant Continental Autobahn Investments, LLC. (hereinafter "Continental Motors Group"), is an Illinois limited liability company doing business under the assumed name "Continental Motors Group", and is located at 5901 S. La Grange Rd., Countryside, Illinois 60525.

9. Defendant Continental Motors Group owns and operates eight franchise automotive dealerships in Illinois which sell and service automobile brands such as Acura, Audi, Honda, Maserati, Mazda, Mitsubishi, Nissan, Scion and Toyota.

10. Defendant Continental NV Autos, Inc. (hereinafter "Continental Audi"), is an Illinois corporation which does business in Illinois under the assumed name "Continental Audi of Naperville" and is located 1527 Aurora Ave., Naperville, Illinois 60540.

11. Defendant Continental Audi was at all times relevant an automotive dealership that sells and services Audi automobiles and is owned and operated by Defendant Continental Motors Group.

12. Defendant Eric Matway (hereinafter "Matway") was at all times relevant herein employed by Defendant Continental Motors Group as a General Manager and worked on-site at

its dealerships.

13. Defendant Matway, at all times relevant, had supervisory authority over Plaintiff.

**Common Allegations**

14. On or about February 3, 2016, Plaintiff's health condition required him to take medical leave from Defendants' employment (hereinafter "February medical leave").

15. On or about April 11, 2016, Plaintiff returned from medical leave and resumed his employment and job duties for Defendants.

16. On or about December 1, 2016, Plaintiff was informed by his physician that his aforementioned health condition was not resolved and that he would soon be required to undergo surgery followed by recovery time to address his health condition.

17. Plaintiff's surgery was scheduled for December 29, 2016.

18. On December 5, 2016, Plaintiff met with Defendant Continental Motors Group's human resource director, Jennifer Bell-Rodriguez (hereinafter "Bell-Rodriguez") to inform Defendants of his upcoming surgery and required recovery time.

19. Plaintiff's meeting with Bell-Rodriquez occurred more than three (3) weeks prior to Plaintiff's intent to take leave.

20. Bell-Rodriguez was helpful and kind to Plaintiff and assisted in verifying Plaintiff's FMLA leave eligibility given his previous February medical leave. Bell-Rodriguez's calculations verified Plaintiff was eligible for FMLA leave for his upcoming procedure.

21. Moreover, after meeting with Bell-Rodriguez, Plaintiff informed his sales managers, Viktor Hadjiev and Shane Gebhardt, of his meeting with Bell-Rodriguez, his medical condition, that his condition required surgery and recovery time and that the surgery was scheduled to occur in approximately three (3) weeks.

22. On December 6, 2016, Plaintiff arrived to work as scheduled and was immediately confronted by Defendant Matway who informed Plaintiff that his employment with Defendants was terminated effective immediately.

**COUNT I**
**FMLA INTERFERENCE**
**(Defendant Continental Motors Group)**

23. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as Paragraph 23 of this Count I.

24. At all times relevant, Plaintiff was employed by Defendant Continental Motors Group for more than 12 months and during the 12 month period prior to his termination, Plaintiff worked at least 1,250 hours for Defendant Continental Motors Group.

25. At all times relevant, Plaintiff was an "eligible employee" of Defendant Continental Motors Group under 29 U.S.C. § 2611(2)(A) and lawfully entitled to take FMLA leave.

26. At all times relevant, Defendant Continental Motors Group employed more than 50 employees within a 75-mile radius of its workplace.

27. At all times relevant, Defendant Continental Motors Group was a covered employer under the FMLA.

28. At all times relevant, Plaintiff provided Defendant Continental Motors Group with sufficient notice of his intent to take leave.

29. At all times relevant, Defendant Continental Motors Group knew Plaintiff had a right to take FMLA leave to treat his medical condition and to return to his position or a substantially equivalent position upon returning from leave.

30. On December 6, 2016, Plaintiff was terminated from his employment with Defendant Continental Motors Group because of his medical condition

31. Defendant Continental Motors Group's termination of Plaintiff was wanton and willful.

32. As a result of Defendant Continental Motors Group's actions, Plaintiff was denied FMLA leave to which he was entitled.

33. Defendant Continental Motors Group violated Plaintiff's FMLA rights directly as well as vicariously through Defendant Continental Audi and Defendant Matway.

34. As a result of Defendant Continental Motors Group's actions, Plaintiff was terminated in violation of the FMLA.

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and against Defendants for the following relief:

a. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

b. Award Plaintiff back wages and benefits lost due to the Defendants' violations of the FMLA;

c. Award Plaintiff front pay and benefits;

d. Award Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

e. Award all costs and reasonable attorneys' fees and costs in connection with the instant action; and

f. Grant such further relief as the Court deems just and equitable.

**COUNT II**
**FMLA INTERFERENCE**
**(Defendant Continental Audi)**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as Paragraph 35 of this Count II.

36. At all times relevant, Plaintiff was employed by Defendant Continental Audi for more than 12 months and during the 12 month period prior to his termination, Plaintiff worked at least 1,250 hours for Defendant Continental Audi.

37. At all times relevant, Plaintiff was an "eligible employee" of Defendant Continental Audi under 29 U.S.C. § 2611(2)(A) and lawfully entitled to take FMLA leave.

38. At all times relevant, Defendant Continental Audi employed more than 50 employees within a 75-mile radius of its workplace.

39. At all times relevant, Defendant Continental Audi was a covered employer under the FMLA.

40. At all times relevant, Plaintiff provided Defendant Continental Audi with sufficient notice of his intent to take leave.

41. At all times relevant, Defendant Continental Audi knew Plaintiff had a right to take FMLA leave to treat his medical condition and to return to his position or a substantially equivalent position upon returning from leave.

42. On December 6, 2016, Plaintiff was terminated from his employment with Defendant Continental Audi because of his medical condition

43. Defendant Continental Audi's termination of Plaintiff was wanton and willful.

44. As a result of Defendant Continental Audi's actions, Plaintiff was denied FMLA leave to which he was entitled.

45. Defendant Continental Audi violated Plaintiff's FMLA rights directly as well as vicariously through Defendant Continental Motors Group and Defendant Matway.

46. As a result of Defendant Continental Audi's actions, Plaintiff was terminated in violation of the FMLA.

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and against Defendants for the following relief:

a. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

b. Award Plaintiff back wages and benefits lost due to the Defendants' violations of the FMLA;

c. Award Plaintiff front pay and benefits;

d. Award Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

e. Award all costs and reasonable attorneys' fees and costs in connection with the instant action; and

f. Grant such further relief as the Court deems just and equitable.

**COUNT III**
**FMLA INTERFERENCE**
**(Defendant Matway Individually)**

47. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as Paragraph 47 of this Count III.

48. At all times relevant, Defendant Matway was General Manager and possessed control over Plaintiff's salesperson position with Defendant Continental Audi and Plaintiff's employment at Continental Motors Group.

49. At all times relevant, Defendant Matway was provided with sufficient notice of Plaintiff's intent to take leave.

50. At all times relevant, Defendant Matway knew Plaintiff had a right to take FMLA leave to treat his medical condition and to return to his position or a substantially equivalent position upon returning from leave.

51. On December 6, 2016, Defendant Matway terminated Plaintiff's employment with Defendants because of his medical condition.

52. At all times relevant, Defendant Matway had supervisory authority over Plaintiff and was responsible in whole or part for denying Plaintiff the FMLA leave he was entitled to and terminating Plaintiff's employment in violation of the FMLA.

53. Defendant Matway's termination of Plaintiff was wanton and willful.

54. Defendant Matway violated Plaintiff's FMLA rights directly.

55. As a result of Defendant Matway's actions, Plaintiff was terminated in violation of the FMLA.

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and against Defendant Matway individually for the following relief:

a. Declaring that the acts and practices by Defendant Matway as described herein constitute a violation of the FMLA;

b. Award Plaintiff back wages and benefits lost due to the Defendant Matway's violations of the FMLA;

c. Award Plaintiff front pay and benefits;

d. Award Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

e. Award all costs and reasonable attorneys' fees and costs in connection with the instant action; and

f. Grant such further relief as the Court deems just and equitable.

**COUNT IV**
**FMLA DISCRIMINATION**
**(All Defendants)**

56. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as Paragraph 56 of this Count IV.

57. On December 6, 2016, Plaintiff was terminated by Defendants after informing Defendants' human rights director on December 5, 2016 that he sought FMLA leave.

58. Defendants terminated Plaintiff in retaliation for stating that he intended to take FMLA leave.

59. Defendants' actions and violations were wanton and willful.

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and against Defendants for the following relief:

a. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

b. Award Plaintiff back wages and benefits lost due to the Defendants' violations of the FMLA;

c. Award Plaintiff front pay and benefits;

d. Award Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

e. Award all costs and reasonable attorneys' fees and costs in connection with the instant action; and

f. Grant such further relief as this Court deems equitable and just.

Dated: January 10, 2017

Respectfully submitted,

/s/ Kasif Khowaja
*One of the Attorneys for Plaintiff*

James X. Bormes
Catherine P. Sons
**Law Office of James X. Bormes, P.C.**
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
312-201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Kasif Khowaja
**The Khowaja Law Firm, LLC**
70 East Lake St.
Suite 1220
Chicago, IL 60601
312-356-3200
kasif@khowajalaw.com

Philip Terrazzino
**Tomasik Kotin Kasserman LLC**
10 South LaSalle St.
Suite 2920
Chicago, IL 60603
312-605-8800
phil@tkklawfirm.com